IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHARON DENISE STEVENSON : CIVIL ACTION
:
v. :
:
MONTGOMERY COUNTY CORRECTIONAL FACILITY: NO. 09-2480

M E M O R A N D U M   A N D   O R D E R

Plaintiff, a prisoner at the Montgomery County Correctional Facility, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). The prisoner must submit a certified copy of her inmate trust fund account statement for the 6-month period immediately preceding the filing of her complaint so the Court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which she was or is confined. Id. The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

ENTERED

AUG 0 6 2009

CLERK OF COURT

filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

Based upon plaintiff's financial statement, she is assessed an initial partial filing fee of $21.96. The Warden or other appropriate official at the Montgomery County Correctional Facility or at any prison at which plaintiff may be incarcerated will be directed to deduct from plaintiff's prison account--each time that the balance in plaintiff's inmate trust account exceeds $10--an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month and forward that amount to the Clerk of Court until the filing fee is paid.

Plaintiff may not have known when she brought this action that she must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get her filing fee back.

We shall give plaintiff twenty (20) days from the date of this order to decide whether she wants to proceed with this case.

If by that time, plaintiff decides not to proceed with the case, she need not pay the $350 filing fee.[2]

For the foregoing reasons, it is, this 4th day of August, 2009, hereby ORDERED that:

1. The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

2. If plaintiff files with the Court within twenty (20) days from the date of this order a notice that she wishes to proceed with this action and thereby obligate herself to pay the $350 filing fee, this action will be reinstated; and

3. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

NORMA L. SHAPIRO, J.

---

[2] In deciding whether to proceed with this civil action, plaintiff should note that in order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived her of her constitutional rights. West v. Atkins, 487 U.S. 42 (1988). The facts asserted in this complaint fail to indicate anything more than negligence. Negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986).

Furthermore, plaintiff is suing the Montgomery County Correctional Facility, which is not a "person" subject to suit under the civil rights laws. Mitchell v. Chester County Farms Prison, 426 F. Supp. 271 (E.D. Pa. 1976); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).